UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FRANK SCOTT                                               CIVIL ACTION

VERSUS                                                    NO. 19-2232

DARRYL VANNOY                                             SECTION: "G"(3)

## REPORT AND RECOMMENDATION

Petitioner, Frank Scott, a state prisoner incarcerated at the Louisiana State Penitentiary, filed this federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. For the following reasons, the application should be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner was convicted of second degree murder under Louisiana law on December 10, 1981,[1] and he was sentenced to a term of life imprisonment on December 22, 1981.[2] On February 9, 1984, the Louisiana Fourth Circuit Court of Appeal affirmed his conviction and sentence.[3] The Louisiana Supreme Court then denied his related writ application on May 11, 1984.[4]

On December 26, 1986, petitioner filed a "Motion to Quash" with the state district court.[5] That motion was denied on January 28, 1987.[6] In the interim, petitioner had also filed with the Louisiana Supreme Court a "Petition for a Writ of Mandamus,"[7] which was denied on October 2, 1987.[8]

---

[1] State Rec., Vol. 1 of 6, minute entry dated December 10, 1981; State Rec., Vol. 3 of 6, jury verdict form.
[2] State Rec., Vol. 1 of 6, minute entry dated December 22, 1981.
[3] State v. Scott, 446 So. 2d 448 (La. App. 4th Cir. 1984); State Rec., Vol. 3 of 6.
[4] State v. Scott, 450 So. 2d 358 (La. 1984); State Rec., Vol. 6 of 6.
[5] State Rec., Vol. 2 of 6. Federal habeas courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing by a *pro se* prisoner, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). Because that date cannot be gleaned from the state court record with respect to any of petitioner's various *pro se* filings in the instant case, the Court will simply use the signature dates of the motions and applications as the filing dates, in that those documents were obviously placed in the mail no earlier than the date they were signed.
[6] State Rec., Vol. 2 of 6, Judgment and Order dated January 28, 1987.
[7] State Rec., Vol. 6 of 6.
[8] State ex rel. Scott v. Criminal District Court, Parish of Orleans, 512 So. 2d 859 (La. 1987); State Rec., Vol. 6 of 6.

On January 16, 1990, petitioner filed an application for post-conviction relief with the state district court arguing, *inter alia*, that his sentence was illegal because it did not specify that the sentence was to be served without the possibility of parole.[9] In response to that motion, the state district court then resentenced petitioner to a term of life imprisonment without benefit of probation, parole, or suspension of sentence on February 21, 1992.[10]

On July 24, 1995, petitioner filed another application for post-conviction relief with the state district court.[11] That application was denied on September 7, 1995.[12]

On October 7, 1996, petitioner filed another application for post-conviction relief with the state district court.[13] That application was denied on October 30, 1996,[14] and his motion for reconsideration was denied on January 27, 1997.[15] His related writ applications were then likewise denied by the Louisiana Fourth Circuit Court of Appeal on May 21, 1997,[16] and the Louisiana Supreme Court on January 16, 1998.[17]

On December 17, 1998, petitioner filed another application for post-conviction relief with the state district court.[18] That application was denied on December 22, 1998,[19] and the Louisiana Supreme Court denied his related writ application on June 25, 1999.[20]

---

[9] State Rec., Vol. 2 of 6.
[10] State Rec., Vol. 5 of 6, Judgment dated February 21, 1992; see also State Rec., Vol. 5 of 6, minute entry dated February 24, 1992.
[11] State Rec., Vol. 1 of 6.
[12] State Rec., Vol. 1 of 6, Order dated September 7, 1995.
[13] State Rec., Vol. 1 of 6.
[14] State Rec., Vol. 1 of 6, Order dated October 30, 1996; see also State Rec., Vol. 1 of 6, minute entry dated November 8, 1996.
[15] State Rec., Vol. 5 of 6, Order dated January 27, 1997.
[16] State v. Scott, No. 97-K-0701 (La. App. 4th Cir. May 21, 1997); State Rec., Vol. 5 of 6.
[17] State ex rel. Scott v. State, 707 So. 2d 51 (La. 1998); State Rec., Vol. 6 of 6.
[18] State Rec., Vol. 1 of 6.
[19] State Rec., Vol. 1 of 6, Order dated December 22, 1998; State Rec., Vol. 1 of 6, minute entry dated December 22, 1998.
[20] State ex rel. Scott v. State, 745 So. 2d 1178 (La. 1999); State Rec., Vol. 6 of 6.

On January 8, 2003, petitioner filed yet another application for post-conviction relief with the state district court.[21] That application was denied on February 24, 2003,[22] and his related writ application was denied by the Louisiana Fourth Circuit Court of Appeal on July 28, 2003.[23]

In 2004, petitioner then filed a "State Habeas Corpus Writ"[24] and a "Motion to Quash Indictment."[25] The state district court denied relief on May 6 and 11, 2004.[26]

In 2018, petitioner filed an "Application for Writs of Habeas Corpus and Mandamus" with the state district court.[27] That application was denied on November 28, 2018.[28] His related writ applications were then likewise denied by the Louisiana Fourth Circuit Court of Appeal on December 19, 2018,[29] and the Louisiana Supreme Court on February 18, 2019.[30]

On or about March 8, 2019, petitioner filed the instant federal habeas corpus application asserting two claims: (1) his indictment was defective because it failed to give him fair notice of the offense charged and (2) the state courts wrongly denied his state habeas corpus application by improperly applying rules that govern only post-conviction applications.[31] He subsequently filed a related motion asking that these federal proceedings be stayed while he returns to state court to pursue an additional claim challenging the validity of Louisiana's laws allowing non-unanimous

---

[21] State Rec., Vol. 5 of 6.
[22] State Rec., Vol. 5 of 6, Order dated February 24, 2003; see also State Rec., Vol. 1 of 6, minute entry dated March 20, 2003.
[23] State v. Scott, No. 2003-K-0873 (La. App. 4th Cir. July 28, 2003); State Rec., Vol. 5 of 6.
[24] State Rec., Vol. 1 of 6.
[25] State Rec., Vol. 1 of 6.
[26] State Rec., Vol. 1 of 6, Orders dated May 6 and 11, 2004.
[27] State Rec., Vol. 5 of 6.
[28] State Rec., Vol. 5 of 6, Judgment dated November 28, 2018.
[29] State v. Scott, No. 2018-K-1042 (La. App. 4th Cir. Dec. 19, 2018); State Rec., Vol. 5 of 6.
[30] State v. Scott, 263 So. 3d 882 (La. 2019); State Rec., Vol. 6 of 6.
[31] Rec. Doc. 1. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). The date that occurred in the instant case is not indicated, and the application is undated; however, it was transmitted electronically to the Court on March 8, 2019. It is unnecessary to ascertain the exact date of filing in this case, in that the application is untimely by more than two decades.

verdicts.[32]  On December 11, 2019, the state filed a response opposing both the application and the request for a stay.[33]  Petitioner thereafter filed a reply to the state's response.[34]

## **I.  Statute of Limitations**

In its response, the state argues that petitioner's federal application is untimely.  The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") includes a statute of limitations for petitioners seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254.  Specifically, the AEDPA provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

---

[32] Rec. Doc. 10.
[33] Rec. Doc. 21.
[34] Rec. Doc. 23.

Subsections B, C, and D do not apply in this case. Subsection B is inapplicable because petitioner does not argue that a state impediment prevented him from filing his application. Subsection C does not apply because petitioner's claims are not based on a newly recognized constitutional right made applicable to cases on collateral review. Subsection D is not triggered because petitioner fails to assert a cognizable claim based on a factual predicate that could not have previously been discovered through the exercise of due diligence.[35] Therefore, as the state correctly argues in its response, Subsection A applies, and petitioner's application is clearly untimely under that subsection.

As noted, Subsection A requires a petitioner to file his § 2254 application within one (1) year of the date on which his state criminal judgment became "final." Although petitioner was originally convicted and sentenced in 1981, his state criminal judgment was not final for AEDPA purposes until 1992 when he was resentenced. See Burton v. Stewart, 549 U.S. 147, 156-57 (2007) (holding that the AEDPA's statute of limitations does not begin until both the petitioner's conviction *and* sentence are final); Scott v. Hubert, 635 F.3d 659, 665-67 (5th Cir. 2011) (same). However, because his state criminal judgment became final prior to the enactment of the AEDPA,

---

[35] Petitioner's claim that his indictment was defective because it failed to give him fair notice of the offense charged obviously is not based on a factual predicate that could not have previously been discovered. Further, even if petitioner's second claim that the state courts wrongly denied his state habeas corpus application could be considered to be based on a newly discovered factual predicate (i.e. the fact of the denial), that claim simply is not cognizable in this federal proceeding. See In re Gentris, 666 F.3d 910, 911 (5th Cir. 2012) ("Infirmities in state postconviction proceedings are not grounds for relief under § 2254."); Duff-Smith v. Collins, 973 F.2d 1175, 1182 (5th Cir. 1992) ("[I]nfirmities in state habeas proceedings do not constitute grounds for federal habeas relief. We look only to the trial and direct appeal." (footnote omitted)); Glenn v. Cain, Civ. Action No. 13-6595, 2014 WL 5040713, at *10 (E.D. La. Sept. 30, 2014). Section § 2244(d)(1)(D) is not triggered by the inclusion of a non-cognizable claim. See, e.g., Ramey v. Akpore, No. 12 C 7174, 2014 WL 201843, at *3 (N.D. Ill. Jan. 17, 2014) ("[I]it is inconceivable that the court would allow a habeas petitioner to save untimely claims from dismissal under § 2244 by the artifice of adding an obviously non-cognizable, though timely, ineffective assistance of post-conviction counsel claim to his petition."); Ware v. Secretary, Department of Corrections, No. 8:11-cv-418, 2011 WL 5525359, at *6 (M.D. Fla. Nov. 14, 2011) ("Since a free-standing claim of actual innocence is not a cognizable claim, [a prisoner] is not entitled to employ such a claim to reset his time clock under § 2244(d)(1)(D)."). Lastly, although petitioner indicates in his motion to stay that he may wish to later add a third claim, that fact is immaterial because, for the reasons explained *infra*, that motion should be denied.

a grace period applies, and petitioner's one-year statute of limitations commenced on the AEDPA's effective date, April 24, 1996. Flanagan v. Johnson, 154 F.3d 196, 200-02 (5th Cir. 1998). The limitations period then expired on April 24, 1997, unless that deadline was extended through tolling.

The AEDPA expressly provides for tolling of the § 2244 statute of limitations. Specifically, the AEDPA states: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The United States Fifth Circuit Court of Appeals "has adopted the 'narrow' view of the phrase 'properly filed application' in section 2244(d)(2), construing the phrase to require that the state post-conviction motion or petition comply with rules governing the time and place of filing." Williams v. Cain, 217 F.3d 303, 307 n.4 (5th Cir. 2000).

In the instant case, petitioner had only one post-conviction application pending before the state courts during the applicable one-year period, i.e. the post-conviction application he filed with the state district court October 7, 1996. However, the Louisiana Supreme Court denied that application, stating: "Denied. La.C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La. 9/5/95), 660 So.2d 1189."[36] Because article 930.8 sets forth the limitations period for filing applications for post-conviction relief, and because the Glover decision held that an appellate court may deny relief under article 930.8 even if the lower court did not consider timeliness, it is beyond cavil that the Louisiana Supreme Court found the 1996 post-conviction application to be untimely. Where, as here, a petitioner's state post-conviction application was denied as untimely, the

---

[36] State ex rel. Scott v. State, 707 So. 2d 51 (La. 1998); State Rec., Vol. 6 of 6.

application "was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)." Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

In summary, petitioner had no "properly filed" applications pending before the Louisiana state courts at any time during the one-year federal limitations period, and, therefore, he clearly is not entitled to statutory tolling.[37]

The Court must next consider whether petitioner is entitled to equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). That said, "equitable tolling is unavailable in most cases …." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in *rare and exceptional* circumstances" (emphasis added)).  Further, a petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).

Here, petitioner has not met his burden. Rather, he merely suggests that equitable tolling is appropriate because "[t]here is nothing in Louisiana Jurisprudence that informs a criminal defendant that he cannot use a State Habeas Corpus to challenges [sic] his or her custody when that custody is illegal for some legal requisite."[38] However, petitioner is incorrect on that point. As the Louisiana First Circuit Court of Appeal has explained:

> Louisiana courts have constitutional authority to issue writs of habeas corpus. La. Const. of 1974, art. I, § 21 and art. V, § 2; State v. Terry, 458 So.2d 97 (La. 1984). Habeas corpus is a writ commanding a person who has another in his custody to produce him before the court and to state the authority for the custody.

---

[37] Although petitioner subsequently filed other post-conviction applications and motions, pleadings filed *after* the expiration of the federal statute of limitations have no bearing on § 2244(d)(2) tolling determinations. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4 (E.D. La. July 24, 2000), aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). Simply put: once the federal limitations period has expired, "[t]here [i]s nothing to toll." Butler v. Cain, 533 F.3d 314, 318 (5th Cir. 2008).
[38] Rec. Doc. 23, pp. 7-8.

7

> La. C.Cr.P. art. 351.  Generally, habeas corpus is not the proper procedural device for petitioners who may file applications for post-conviction relief.  La. C.Cr.P. art. 351.  Essentially, habeas corpus deals with *preconviction* complaints concerning custody.  Official Revision Comment (c), La. C.Cr.P. art. 351.  An application for post-conviction relief is a petition filed by a person in custody after sentence following conviction for the commission of an offense *seeking to have the conviction and sentence set aside*.  La. C.Cr.P. art. 924.

State *ex rel.* Bartie v. State, 501 So. 2d 260, 263 (La. App. 1st Cir. 1986); accord State v. Obney, 663 So. 2d 69, 70 (La. App. 1st Cir. 1995); State *ex rel.* James v. State, 640 So. 2d 259 (La. App. 1st Cir. 1993).  See also Gail Dalton Schlosser, Louisiana Criminal Trial Practice § 28:6 (4th ed. 2019 update) ("Louisiana law distinguishes post-conviction relief from a writ of habeas corpus which applies to pre-conviction relief.").  Further, petitioner's ignorance of the law on that point is not a basis for equitable tolling.  See, e.g., Tate v. Parker, 439 F. App'x 375, 376 (5th Cir. 2011) ("[I]gnorance of the law [and] lack of knowledge of filing deadlines … are not sufficient to warrant equitable tolling."); Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002) ("[A] petitioner's ignorance or mistake is insufficient to warrant equitable tolling.").

Lastly, the Court notes that a petitioner can overcome the AEDPA's statute of limitations by making a convincing claim of "actual innocence" under McQuiggin v. Perkins, 569 U.S. 383 (2013).  However, petitioner expressly states that he is not asserting such a claim.[39]

Because petitioner is not entitled to statutory tolling, and because he has not established that equitable tolling is warranted or asserted a claim of actual innocence, his federal application for habeas corpus relief had to be filed no later than **April 24, 1997**, in order to be timely.  His application was not filed until on or about **March 8, 2019**, and, therefore, it is untimely by more than two decades.

---

[39] Rec. Doc. 23, p. 8 ("Petitioner has not presented a claim of Actual Innocence/Miscarriage of Justice to the court for consideration.").

8

## II.  Motion to Stay

As noted, petitioner also filed a related motion asking that these federal proceedings be stayed while he returns to state court to pursue an additional claim challenging the validity of Louisiana's laws allowing non-unanimous verdicts.[40]  However, although the entry of such a stay is permissible in some circumstances, the United States Supreme Court has held:

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.  Cf. Duncan [v. Walker, 533 U.S. 167, 180 (2001)] ("[D]iminution of statutory incentives to proceed first in state court would ... increase the risk of the very piecemeal litigation that the exhaustion requirement is designed to reduce").
>     For these reasons, stay and abeyance should be available only in limited circumstances.  Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Moreover, *even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.*  Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

Rhines v. Weber, 544 U.S. 269, 277 (2005) (emphasis added).

Petitioner's proposed claim that his conviction was unconstitutional because the jury's verdict was not unanimous is plainly meritless.  In Apodaca v. Oregon, 406 U.S. 404 (1972), and Johnson v. Louisiana, 406 U.S. 356 (1972), the United States Supreme Court upheld the constitutionality of state laws, including that of Louisiana, which permitted criminal defendants to be convicted by less than unanimous votes of the jury.  The decades-old and clearly established United States Supreme Court precedent applicable to this claim is therefore directly contrary to petitioner's argument.  While the Supreme Court itself has described the Apodaca/Johnson holding

---

[40] Rec. Doc. 10.

as "the result of an unusual division among the Justices," it also made clear, in the same breath, that Apodaca/Johnson remains the law of the land, stating: "[A]lthough the Sixth Amendment right to trial by jury requires a unanimous verdict in federal criminal trials, it does not require a unanimous verdict in state criminal trials." McDonald v. City of Chicago, 561 U.S. 742, 765 n.14 (2010). Accord Hoover v. Johnson, 193 F.3d 366, 369 (5th Cir. 1999) ("[W]e cannot find, as petitioner would like, that the state court violated any federal right to a unanimous verdict in state court, because the Supreme Court has not held that the Constitution imposes a jury unanimity requirement." (quotation marks omitted)); Louisiana v. Victor, Civ. Action No. 18-10537, 2019 WL 1916044, at *2 (E.D. La. Apr. 29, 2019) (Brown, C.J.) ("[T]here is no federal right to a verdict by a unanimous jury, and the United States Supreme Court has specifically held that the Louisiana non-unanimous jury provision does not violate a defendant's right to a jury trial."), appeal dismissed, No. 19-30436, 2019 WL 6464009 (5th Cir. Oct. 2, 2019).[41]

Because the claim petitioner wishes to pursue in the state courts and then, if necessary, later incorporate into his federal application is plainly meritless, a stay is not warranted.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the federal application for habeas corpus relief filed by Frank Scott be **DISMISSED WITH PREJUDICE**.

It is **FURTHER RECOMMENDED** that petitioner's "Request to Stay and Hold in Abeyance Pending Application for Writ of Habeas Corpus," Rec. Doc. 10, be **DENIED**.

---

[41] The Court recognizes that the United States Supreme Court is currently considering a challenge to Louisiana's law in Ramos v. Louisiana, No. 18-5924. However, because Apodaca and Johnson are currently still good law, they control. If this federal application is dismissed as recommended and Apodaca and Johnson are subsequently overruled, petitioner may, after exhausting his remedies in the state courts, seek authorization to file a second or successive habeas petition if he can meet the requirements of 28 U.S.C. § 2244(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[42]

New Orleans, Louisiana, this __8th__ day of January, 2020.

_____<br>
**DANA M. DOUGLAS**<br>
**UNITED STATES MAGISTRATE JUDGE**

---

[42] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.