UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FRANK SCOTT                                           CIVIL ACTION

VERSUS                                                NO. 19-2232

DARRYL VANNOY, WARDEN                                 SECTION "G"(3)

## ORDER AND REASONS

Before the Court are Petitioner Frank Scott's ("Petitioner") objections[1] to the Report and Recommendation of the United States Magistrate Judge assigned to this case.[2] Also pending before the Court is Petitioner's "Motion to Stay and Hold in Abeyance Pending Application for Writ of Habeas Corpus."[3] Petitioner, a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.[4] The Magistrate Judge recommended that this Court dismiss the petition with prejudice because it was not timely filed, and deny the motion to stay the proceedings.[5] Petitioner objects to the Magistrate Judge's recommendation.[6] After reviewing the petition, the motion, the State's response, the Magistrate Judge's Report and Recommendation, Petitioner's objections, the record, and the applicable law, the Court will overrule Petitioner's objections, adopt the Magistrate Judge's recommendation, deny the motion to stay, and dismiss this action with prejudice.

---

[1] Rec. Doc. 25.

[2] Rec. Doc. 24.

[3] Rec. Doc. 10.

[4] Rec. Doc. 1.

[5] Rec. Doc. 24.

[6] Rec. Doc. 21.

1

# I. Background

*A.   Factual Background*

In 1981, Petitioner was charged by Indictment in the Orleans Parish Criminal District Court with one count of second-degree murder.[7] On December 10, 1981, Petitioner was convicted as charged,[8] and on December 22, 1981, he was sentenced to a term of life imprisonment.[9]

On February 9, 1984, the Louisiana Fourth Circuit Court of Appeal affirmed Petitioner's conviction and sentence.[10] The Louisiana Supreme Court denied Petitioner's related writ application on May 11, 1984.[11]

On December 26, 1986, Petitioner filed a motion to quash before the state trial court.[12] The state trial court denied the motion on January 28, 1987.[13] In the interim, Petitioner filed a writ of mandamus before the Louisiana Supreme Court, which was denied on October 2, 1987.[14]

On January 16, 1990, Petitioner filed an application for post-conviction relief with the state trial court arguing, *inter alia*, that his sentence was illegal because it did not specify that the sentence was to be served without the possibility of parole.[15] In response, on February 21, 1992,

---

[7] State Rec., Vol. I of VI, Indictment.

[8] State Rec., Vol. I of VI, Minute Entry, Dec. 10, 1981.

[9] State Rec., Vol. I of VI, Minute Entry, Dec. 22, 1981.

[10] *State v. Scott*, 446 So. 2d 448 (La. App. 4 Cir. 1984).

[11] *State v. Scott*, 450 So. 2d 358 (La. 1984).

[12] State Rec., Vol. II of VI, Motion to Quash, Dec. 26, 1986.

[13] State Rec., Vol. II of VI, Court Order, Jan. 28, 1987.

[14] *State ex rel. Scott v. Criminal District Court, Parish of Orleans*, 512 So. 2d 859 (La. 1987).

[15] State Rec., Vol. II of VI, Application for Post-Conviction Relief, Jan. 16, 1990.

the state trial court resentenced Petitioner to a term of life imprisonment without benefit of probation, parole, or suspension of sentence.[16]

On July 24, 1995, Petitioner filed another application for post-conviction relief with the state trial court.[17] That application was denied on September 7, 1995.[18]

On October 7, 1996, Petitioner filed another application for post-conviction relief with the state trial court.[19] That application was denied on October 30, 1996,[20] and his motion for reconsideration was denied on January 27, 1997.[21] Petitioner's related writ applications were then likewise denied by the Louisiana Fourth Circuit Court of Appeal on May 21, 1997,[22] and the Louisiana Supreme Court on January 16, 1998.[23]

On December 17, 1998, Petitioner filed another application for post-conviction relief with the state trial court.[24] That application was denied on December 22, 1998.[25] The Louisiana Supreme Court denied Petitioner's related writ application on June 25, 1999.[26]

---

[16] State Rec., Vol. V of VI, Judgment, Feb. 21, 1992.

[17] State Rec., Vol. I of VI, Application for Post-Conviction Relief, Jul. 24, 1995.

[18] State Rec., Vol. I of VI, Court Order, Sept. 7, 1995.

[19] State Rec., Vol. I of VI, Application for Post-Conviction Relief, Oct. 7, 1996.

[20] State Rec., Vol. I of VI, Court Order, Oct. 30, 1996.

[21] State Rec., Vol. V of VI, Court Order, Jan. 27, 1997.

[22] *State v. Scott*, No. 97-K-0701 (La. App. 4th Cir. May 21, 1997); State Rec., Vol. V of VI.

[23] *State ex rel. Scott v. State*, 707 So. 2d 51 (La. 1998).

[24] State Rec., Vol. I of VI, Application for Post-Conviction Relief, Dec. 17, 1998.

[25] State Rec., Vol. I of VI, Court Order, Dec. 22, 1998.

[26] *State ex rel. Scott v. State*, 745 So. 2d 1178 (La. 1999).

On January 8, 2003, Petitioner filed yet another application for post-conviction relief with the state trial court.[27] That application was denied on February 24, 2003.[28] Petitioner's related writ application was denied by the Louisiana Fourth Circuit Court of Appeal on July 28, 2003.[29]

In 2004, Petitioner filed a "State Habeas Corpus Writ" and a "Motion to Quash Indictment."[30] The state trial court denied the motions on May 6 and 11, 2004.[31]

On February 6, 2018, Petitioner filed an "Application for Writs of Habeas Corpus and Mandamus" with the state trial court.[32] That application was denied on November 28, 2018.[33] Petitioner's related writ applications were then likewise denied by the Louisiana Fourth Circuit Court of Appeal on December 19, 2018,[34] and the Louisiana Supreme Court on February 18, 2019.[35]

On or about March 8, 2019, Petitioner filed the instant federal habeas corpus application asserting two claims: (1) the indictment was defective because it failed to give him fair notice of the offense charged and (2) the state courts wrongly denied his state habeas corpus application by improperly applying rules that govern only post-conviction applications.[36] Petitioner subsequently

---

[27] State Rec., Vol. V of VI, Application for Post-Conviction Relief, Jan. 8, 2003.

[28] State Rec., Vol. V of VI, Court Order, Feb. 24, 2003.

[29] *State v. Scott*, No. 2003-K-0873 (La. App. 4 Cir. July 28, 2003); State Rec., Vol. V of VI.

[30] State Rec., Vol. I of VI, Motions, Mar. 30, 2004.

[31] State Rec., Vol. I of VI, Orders, May 6 and 11, 2004.

[32] State Rec., Vol. I of VI, Motion, Feb. 6, 2018.

[33] State Rec., Vol. V of VI, Order, Nov. 28, 2018.

[34] *State v. Scott*, No. 2018-K-1042 (La. App. 4 Cir. Dec. 19, 2018); State Rec., Vol. V of VI.

[35] *State v. Scott*, 263 So. 3d 882 (La. 2019).

[36] Rec. Doc. 1.

4

filed the "Motion to Stay and Hold in Abeyance Pending Application for Writ of Habeas Corpus."[37] In that motion, Petitioner requests that these federal proceedings be stayed while he returns to state court to pursue an additional claim challenging the validity of Louisiana's laws allowing non-unanimous verdicts.[38] On December 11, 2019, the State filed a response opposing both the petition for writ of habeas corpus and the motion to stay.[39] On December 23, 2019, Petitioner filed a reply to the State's response.[40]

B.  *Report and Recommendation Findings*

On January 8, 2020, the Magistrate Judge recommended that the petition be dismissed with prejudice as it was not timely filed.[41] The Magistrate Judge noted that under Subsection A of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner must file a habeas corpus petition within one year of the date his conviction became final.[42] The Magistrate Judge determined that Petitioner's conviction became final in 1992 when he was resentenced.[43] However, because Petitioner's conviction became final prior to the enactment of the AEDPA, Petitioner had until April 24, 1997 to file a federal habeas petition, unless the statute of limitations was extended through tolling.[44]

---

[37] Rec. Doc. 10.

[38] *Id.*

[39] Rec. Doc. 21.

[40] Rec. Doc. 23.

[41] Rec. Doc. 24.

[42] *Id.* at 5.

[43] *Id.*

[44] *Id.* at 6.

The Magistrate Judge examined statutory tolling under 28 U.S.C. § 2244(d)(2), which establishes that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation."[45] The Magistrate Judge noted that Petitioner had one state post-conviction relief application pending during the applicable one-year period—the post-conviction application filed with the state trial court on October 7, 1996.[46] The Magistrate Judge further noted that the Louisiana Supreme Court found that the 1996 application was not timely filed.[47] Therefore, the Magistrate Judge determined that Petitioner was not entitled to statutory tolling because he did not have a properly filed application pending before the Louisiana state courts during the applicable federal one-year limitations period.[48]

Next, the Magistrate Judge considered whether Petitioner was entitled to equitable tolling.[49] The Magistrate Judge noted that the Supreme Court has held that the AEDPA's statute of limitations may be equitably tolled where the Petitioner shows both that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing.[50] The Magistrate Judge addressed Petitioner's claim that he was entitled to equitable tolling because "[t]here is nothing in Louisiana Jurisprudence that informs a criminal defendant that he cannot use a State Habeas Corpus to challenges [sic] his or her custody when that custody

---

[45] *Id.*

[46] *Id.*

[47] *Id.*

[48] *Id.* at 7.

[49] *Id.*

[50] *Id.* (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

6

is illegal for some legal requisite."[51] The Magistrate Judge found that this was an incorrect statement of Louisiana law.[52] Furthermore, the Magistrate Judge found that Petitioner's ignorance of the law did not constitute rare and exceptional circumstances warranting equitable tolling.[53] The Magistrate Judge concluded that because Petitioner had not shown that any "extraordinary circumstance" had prevented him from filing his federal application within the one-year limitations period, he was not entitled to equitable tolling.[54]

The Magistrate Judge also noted that a petitioner may overcome the AEDPA's statute of limitations by way of a claim of actual innocence, but Petitioner expressly stated that he was not asserting such a claim.[55] The Magistrate Judge determined that because Petitioner is not entitled to statutory tolling or equitable tolling, and because he failed to show that he was actually innocent, his federal application for habeas corpus relief had to be filed no later than April 24, 1997, in order to be timely.[56] The Magistrate Judge concluded that Petitioner's application filed on March 8, 2019 is untimely, and recommended that the petition be dismissed with prejudice.[57]

Finally, the Magistrate Judge recommended that Petitioner's "Motion to Stay and Hold in Abeyance Pending Application for Writ of Habeas Corpus" be denied.[58] The Magistrate Judge

---

[51] *Id.* (citing Rec. Doc. 23 at 7–8).

[52] *Id.*

[53] *Id.* at 8 (citing *Tate v. Parker*, 439 F. App'x 375, 376 (5th Cir. 2011); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002)).

[54] *Id.*

[55] *Id.* (citing Rec. Doc. 23 at 8).

[56] *Id.*

[57] *Id.*

[58] *Id.* at 9–10.

7

found that Petitioner's proposed claim that his conviction was unconstitutional because the jury's verdict was not unanimous is plainly meritless under current Supreme Court precedent.[59] The Magistrate Judge recognized that the United States Supreme Court is currently considering a challenge to Louisiana's non-unanimous jury verdict law.[60] If this federal application is dismissed and the Supreme Court subsequently overrules its prior precedent, the Magistrate Judge noted that Petitioner may, after exhausting his remedies in the state courts, seek authorization to file a second or successive habeas petition before this Court.[61]

## II. Objections

### A    *Petitioner's Objection*

Petitioner raises two objections to the Magistrate Judge's Report and Recommendation.[62] First, Petitioner argues that the Magistrate Judge erred in finding that Petitioner is not entitled to equitable tolling.[63] Second, Petitioner asserts that the Magistrate Judge erred in recommending that the motion to stay be denied.[64]

First, Petitioner argues that the Magistrate Judge erred in finding that Petitioner is not entitled to equitable tolling.[65] Petitioner avers that "[t]here is nothing in Louisiana Code of Criminal Procedure Articles which governs Louisiana State Habeas Corpus statute that informs a criminal defendant that he cannot use a State Habeas Corpus to challenge his or her custody when

---

[59] *Id.* at 9 (citing *Apodaca v. Oregon*, 406 U.S. 404 (1972); *Johnson v. Louisiana*, 406 U.S. 356 (1972)).

[60] *Id.* at 10, n.41.

[61] *Id.*

[62] Rec. Doc. 25.

[63] *Id.* at 2.

[64] *Id.* at 4.

[65] *Id.* at 2.

8

that custody is illegal for some legal requisite."⁶⁶ Petitioner asserts that a state writ of habeas corpus may be granted pursuant to Louisiana Code of Criminal Procedure article 362 where the order for custody is deficient.⁶⁷ Petitioner contends that custody was deficient in his case because the indictment failed to give him fair notice of the offense charged.⁶⁸ Therefore, Petitioner asserts that he is entitled to equitable tolling because he was not informed that he could not file a state habeas corpus application, even though the trial court had jurisdiction to rule on the violation Plaintiff alleges occurred.⁶⁹

Second, Petitioner asserts that the Magistrate Judge erred in recommending that the motion to stay be denied.⁷⁰ Petitioner argues that this case should be stayed so that he can return to state court to exhaust a claim challenging the validity of Louisiana's laws allowing non-unanimous verdicts.⁷¹ Petitioner contends he has satisfied the three requirements for a stay: (1) good cause; (2) a potentially meritorious claim; and (3) a lack of intentionally dilatory litigation tactics.⁷² Petitioner argues that he has established good cause for staying this matter because the claim he wishes to present to the state courts is predicated on newly discovered evidence, which he asserts reveals that the non-unanimous verdict law denied him of equal protection under the law.⁷³ Petitioner asserts that the claim has merit because he has discovered new evidence showing the

---

⁶⁶ *Id.* at 2–3.

⁶⁷ *Id.* at 3 (citing La. Code. Crim. Pro. art. 362).

⁶⁸ *Id.*

⁶⁹ *Id.* at 4.

⁷⁰ *Id.*

⁷¹ *Id.* at 6.

⁷² *Id.*

⁷³ *Id.* at 6–7.

legislature's "intent to deprive petitioner of a full and fair trial."[74] Finally, Petitioner asserts that he did not engage in any intentionally dilatory tactics in pursuing this claim.[75] Accordingly, Petitioner asserts that he has established good cause for a stay of these proceedings.[76]

### B.   *The State's Opposition*

Despite receiving electronic notice of the filing, the State of Louisiana did not file a brief in opposition to Petitioner's objections.

## III. Standard of Review

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. A District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[77] The District Judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[78] A District Court's review is limited to plain error of parts of the report which are not properly objected to.[79]

## IV. Law and Analysis

### A.   *AEDPA Statute of Limitations*

The AEDPA establishes a one-year statute of limitations for the filing of habeas corpus applications, which shall run from the latest of:

---

[74] *Id.* at 8.

[75] *Id.*

[76] *Id.* at 9.

[77] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[78] Fed. R. Civ. P. 72(b)(3).

[79] *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objection from ten to fourteen days).

A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[80]

The Magistrate Judge applied the limitation period established by Subsection A. Petitioner does not object to this determination or argue that any other subsection should apply. Therefore, reviewing for plain error, and finding none, the Court adopts the Magistrate Judge's finding that Petitioner is not entitled to application of other subsections.

### B.  *Timeliness Under Subsection A*

The Magistrate Judge found that the conviction became final for AEDPA purposes in 1992 when he was resentenced.[81] Where a petitioner's conviction became final prior to enactment of the AEDPA, the United States Fifth Circuit Court of Appeals has held that a grace period applies and that the one-year statute of limitations began to run in such cases on the AEDPA's effective date, April 24, 1996.[82] Therefore, Petitioner's one year-period for seeking federal *habeas corpus* review with respect to the prior convictions expired on April 24, 1997, unless that deadline was extended through tolling.

---

[80] 28 U.S.C. § 2244(d)(1).

[81] Rec. Doc. 24 at 5.

[82] *Flanagan v. Johnson*, 154 F.3d 196, 200–02 (5th Cir. 1998); *see also United States v. Flores*, 135 F.3d 1000 (5th Cir. 1998) (applying one-year grace period to actions filed pursuant to 28 U.S.C. § 2255).

### 1. Statutory Tolling

The Magistrate Judge found that Petitioner is not entitled to statutory tolling.[83] Petitioner does not object to this determination.[84] Accordingly, the Court reviews for plain error.

The AEDPA provides for statutory tolling throughout "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[85] The Fifth Circuit "has adopted the 'narrow' view of the phrase 'properly filed application' in section 2244(d)(2), construing the phrase to require that the state post-conviction motion or petition comply with rules governing the time and place of filing."[86]

Petitioner had one state post-conviction relief application pending during the applicable one-year period—the post-conviction application filed with the state trial court on October 7, 1996.[87] The Louisiana Supreme Court denied relief on Petitioner's 1996 application because it found that the application was not timely filed under Louisiana law.[88] Therefore, Petitioner is not entitled to statutory tolling because he did not have a properly filed application pending before the Louisiana state courts during the applicable federal one-year limitations period.

---

[83] Rec. Doc. 24 at 6–7.

[84] Rec. Doc. 25.

[85] 28 U.S.C. § 2255(d)(2).

[86] *Williams v. Cain*, 217 F.3d 303, 307 n.4 (5th Cir. 2000).

[87] State Rec., Vol. I of VI, Application for Post-Conviction Relief, Oct. 7, 1996.

[88] *State ex rel. Scott v. State*, 707 So. 2d 51 (La. 1998) (citing Louisiana Code of Crim. Pro. art. 930.8; State ex rel. Glover v. State, 93-2330 (La. 9/5/95), 660 So.2d 1189).

### 2. Equitable Tolling

The Magistrate Judge found that Petitioner is not entitled to equitable tolling.[89] Petitioner objects to this determination.[90] Petitioner avers that "[t]here is nothing in Louisiana Code of Criminal Procedure Articles which governs Louisiana State Habeas Corpus statute that informs a criminal defendant that he cannot use a State Habeas Corpus to challenge his or her custody when that custody is illegal for some legal requisite."[91] Petitioner asserts that a state writ of habeas corpus may be granted where the order for custody is deficient.[92] Petitioner contends that custody was deficient in his case because the indictment failed to give him fair notice of the offense charged.[93] Therefore, Petitioner asserts that he is entitled to equitable tolling because he was not informed that he could not file a state habeas corpus application, even though the trial court had jurisdiction to rule on the violation Plaintiff alleges occurred.[94] Accordingly, the Court reviews this issue *de novo*.

The United States Supreme Court has held that, in rare circumstances where a petitioner's habeas corpus application would be otherwise untimely, the AEDPA's statute of limitations may be subject to equitable tolling.[95] To establish entitlement to equitable tolling, a petitioner must show that: "(1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance

---

[89] Rec. Doc. 24 at 7–8.

[90] Rec. Doc. 25 at 2.

[91] *Id.* at 2–3.

[92] *Id.* at 3 (citing La. Code. Crim. Pro. art. 362).

[93] *Id.*

[94] *Id.* at 4.

[95] *Holland*, 560 U.S. at 645.

stood in his way and prevented timely filing."[96] A petitioner bears the burden of establishing entitlement to equitable tolling and "must demonstrate rare and exceptional circumstances warranting application of the doctrine."[97]

Petitioner argues that he is entitled to equitable tolling because he was not informed that he could not file a state habeas corpus application.[98] In Louisiana, the state courts have authority to issue writs of habeas corpus.[99] However, under Louisiana law, habeas corpus is generally not the proper procedural device for petitioners who may file applications for post-conviction relief under Louisiana Code of Criminal Procedure article 351.[100] Essentially, in Louisiana "habeas corpus deals with preconviction complaints concerning custody," whereas "[a]n application for post-conviction relief is a petition filed by a person in custody after sentence following conviction for the commission of an offense seeking to have the conviction and sentence set aside."[101]

Petitioner asserts that a state writ of habeas corpus may be granted pursuant to Louisiana Code of Criminal Procedure article 362 where the order for custody is deficient.[102] Petitioner contends that custody was deficient in his case because the indictment failed to give him fair notice of the offense charged.[103] In *State ex rel. Bartie v. State*, the Louisiana First Circuit Court of Appeal

---

[96] *Id.* at 649 (internal citations and quotation marks omitted).

[97] *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

[98] Rec. Doc. 25 at 2–3.

[99] *State ex rel. Bartie v. State*, 501 So. 2d 260, 263 (La. App. 1 Cir. 1986) (citing La. Const. of 1974, art. I, § 21 and art. V, § 2; *State v. Terry*, 458 So. 2d 97 (La. 1984)).

[100] *Id.*

[101] *Id.* (internal citations omitted).

[102] Rec. Doc. 25 at 3 (citing La. Code. Crim. Pro. art. 362).

[103] *Id.*

14

considered a case in which a state writ of habeas corpus was applicable in a post-conviction setting.[104] There, the petitioner did not contest the validity of his conviction or sentence, but argued that the initial lawful custody over him became unlawful when the Louisiana Department of Corrections failed to give him proper credit for time served.[105] Therefore, the Louisiana First Circuit held that the case was not a post-conviction relief proceeding, but a post-conviction habeas corpus claim.

In this case, Petitioner is challenging the validity of his conviction. Specifically, Petitioner contends that his conviction is invalid because the indictment failed to give him fair notice of the offense charged.[106] Therefore, Petitioner's claim appears to fall within the scope of state post-conviction relief, not state habeas corpus. Moreover, even assuming that the state trial court should have considered his claim as a state habeas corpus claim, Petitioner does not explain how this prevented him from timely filing this federal petition for a writ of habeas corpus. Petitioner has not shown that any extraordinary circumstance prevented him from filing his petition within the limitations period. Accordingly, on *de novo* review, the Court finds that Petitioner is not entitled to equitable tolling.

---

[104] *Bartie*, 501 So. 2d at 263–64.

[105] *Id.* at 264.

[106] Rec. Doc. 1-1 at 4–6.

### 3. Actual Innocence

The Magistrate Judge found that Petitioner could not overcome the statute of limitations by making a "convincing claim of actual innocence under *McQuiggin v. Perkins*."[107] Petitioner does not object to this determination.[108] Accordingly, the Court reviews for plain error.

In *McQuiggin v. Perkins*, the United States Supreme Court held that "actual innocence, if proved, serves as a gateway through which a [habeas] petitioner may pass whether the impediment is a procedural bar . . . or expiration of the statute of limitations."[109] The Court cautioned, however, that this exception "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'"[110] The Supreme Court has explained:

> It is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses; rather the standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do. Thus, a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.[111]

Petitioner does not argue that he is actually innocent of the crime for which he was convicted, nor does he present any new evidence to establish his innocence. In fact, Petitioner explicitly acknowledges that he is not pursuing a claim of actual innocence in this case.[112] Therefore, the "actual innocence" exception is not applicable here.

---

[107] Rec. Doc. 12 at 5 (citing *McQuiggin*, 569 U.S. at 383).

[108] Rec. Doc. 13

[109] *McQuiggin*, 569 U.S. at 386.

[110] *Id.* at 395 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

[111] *Schlup*, 513 U.S. at 329.

[112] Rec. Doc. 23 at 8.

## C. Motion to Stay

Finally, Petitioner objects to the Magistrate Judge's recommendation that the Court deny the motion to stay.[113] Accordingly, the Court reviews this issue *de novo.*

In the motion to stay, Petitioner requests that these federal proceedings be stayed while he returns to state court to pursue an additional claim, which is not raised in the instant federal habeas petition, challenging the validity of Louisiana laws allowing non-unanimous verdicts.[114] Petitioner has not previously raised such a claim before the state courts. "A fundamental prerequisite for federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief."[115] The Fifth Circuit has recognized that "habeas corpus jurisprudence consistently underscores the central importance of comity, of cooperation and of rapport between the parallel systems of state and federal courts."[116] "These concerns animate [the court's] strict adherence to the doctrine of exhaustion—*i.e.*, the notion that federal courts will not consider a claim on habeas review if it has not been considered and finally rejected by the state courts."[117] "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies [] thereby giving the State the opportunity to pass upon any correct alleged violations of its prisoners' federal rights."[118]

A federal habeas corpus petition should typically be dismissed without prejudice if the

---

[113] Rec. Doc. 25 at 4–11.

[114] Rec. Doc. 10.

[115] *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519–20 (1982)).

[116] *Gomez v. Dretke*, 422 F.3d 264, 266 (5th Cir. 2005) (internal citations and quotation marks omitted).

[117] *Id.*

[118] *Baldwin v. Reese*, 541 U.S. 27, 32 (2004) (internal citations and quotation marks omitted).

petitioner has failed to exhaust all available state remedies.[119] However, dismissal without prejudice of a "mixed petition," which raises both exhausted and unexhausted claims, may result in a subsequent petition being barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).[120] Because of this dilemma, federal courts are authorized to stay a habeas petition and hold it in abeyance while a petitioner exhausts claims in state court.[121] The United States Supreme Court has noted that a "stay and abeyance should be available only in limited circumstances."[122] A district court should stay federal habeas proceedings to allow a petitioner to exhaust state remedies only when the district court finds: "(1) the petitioner has good cause for failure to exhaust his claim, (2) the claim is not plainly meritless, and (3) the petitioner has not engaged in intentional delay."[123]

This case is in a unique procedural posture. This federal habeas petition is untimely. Nevertheless, Petitioner seeks to stay these untimely proceedings to allow him to return to state court to pursue an unexhausted claim that is not currently even raised in this federal habeas petition. Therefore, this case does not fall within the "limited circumstances" where the Supreme Court has recognized that a stay is warranted.[124]

---

[119] *Pliler v. Ford*, 542 U.S. 225, 230 (2004).

[120] *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (holding that 28 U.S.C. § 2244(d)'s one-year limitation period is not tolled during the pendency of federal habeas proceedings).

[121] *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

[122] *Id.*

[123] *Shillereff v. Quarterman*, 304 F. App'x 310, 314 (5th Cir. 2008) (citing *Rhines*, 544 U.S. at 277–78).

[124] *See Rhines*, 544 U.S. at 277.

18

The claim Petitioner wishes to pursue—a challenge to the validity of Louisiana laws allowing non-unanimous jury verdicts—is unavailing under current Supreme Court precedent.[125] However, the United States Supreme Court is currently considering a challenge to Louisiana's non-unanimous jury verdict law in *Ramos v. Louisiana*, No. 18-5924. If the Supreme Court overrules its prior precedent, Petitioner may—after exhausting his remedies in state court—seek authorization to file a second or successive habeas petition.[126] Therefore, Petitioner has not shown that the Court should stay these untimely proceedings to allow him to return to state court to exhaust a claim challenging the validity of Louisiana's non-unanimous jury verdict law.[127]

## V. Conclusion

For the foregoing reasons, the Court finds that the petition is time-barred. Additionally, the Court denies Petitioner's motion to stay these untimely proceedings. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation and Petitioner Frank Scott's petition for issuance of a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 is **DISMISSED WITH PREJUDICE.**

---

[125] *Apodaca v. Oregon*, 406 U.S. 404 (1972); *Johnson v. Louisiana*, 406 U.S. 356 (1972).

[126] *See* 28 U.S.C. § 2244(b). Pursuant to Section 2244(b)(2)(A), a claim presented in a second or successive habeas petition must be dismissed unless "the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

[127] If the Supreme Court recognizes a new constitutional right made retroactively applicable to a case on collateral review, Petitioner would have one year from the date the right is newly recognized to file a federal habeas petition. 28 U.S.C. § 2244(d)(1)(C).

**IT IS FURTHER ORDERED** that Petitioner's "Motion to Stay and Hold in Abeyance Pending Application for Writ of Habeas Corpus"[128] is **DENIED.**

**NEW ORLEANS, LOUISIANA,** this 29th day of March, 2020.

                                        **NANNETTE JOLIVETTE BROWN**
                                        **CHIEF JUDGE**
                                        **UNITED STATES DISTRICT COURT**

---

[128] Rec. Doc. 10.